RAYLANA S. ANDERSON, Petitioner-Appellant, v. CHIEF LEGAL COUNSEL, The Department of Human Rights, *et al.*, Respondents-Appellees.

Third District   No. 3—02—0007

Opinion filed October 2, 2002.

J. Kevin Wolfe (argued), of Harvey & Stuckel, Chtrd., of Peoria, for petitioner.

James E. Ryan, Attorney General (Richard S. Huszagh, Assistant Attorney General, of counsel), and Jacqueline S. Lustig, General Counsel, both of Chicago, for respondent Department of Human Rights.

Roy G. Davis (argued), of Davis & Campbell, of Peoria, for respondent RSM McGladrey, Inc.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Raylana S. Anderson, filed a discrimination charge

(775 ILCS 5/7A—102(A) (West 1998)) with the Illinois Department of Human Rights (Department) against her employer, RSM McGladrey, Inc. (McGladrey). Her charge was dismissed by the Department (775 ILCS 5/7A—102(D)(2)(a) (West 1998)). Upon administrative review, the chief legal counsel for the Department sustained the dismissal (775 ILCS 5/7—101.1(A) (West 1998)). On appeal (775 ILCS 5/8— 111(A)(1) (West 1998)), Anderson argues that the chief legal counsel abused her discretion by sustaining the dismissal. We affirm.

BACKGROUND

On September 23, 1999, Anderson filed a discrimination charge against McGladrey with the Department. In her charge, Anderson alleged that on April 1, 1999, she learned McGladrey had been paying a similarly situated male employee, John Fishel, Sr., $110,000 per year during the time McGladrey paid Anderson $68,000 per year. She submitted that she had more seniority than Fishel and that her duties and responsibilities were "similar if not identical" to Fishel's duties and responsibilities. Anderson contended that McGladrey had sexually discriminated against her based on disparate pay.

McGladrey responded to Anderson's charge by acknowledging the disparity in pay between Anderson and Fishel. The employer admitted that Fishel was hired by McGladrey after Anderson was hired. However, McGladrey submitted that Anderson and Fishel were not similarly situated employees.

Both employees shared the title, "Senior Manager, Consulting Services." McGladrey stated that seniority was not a factor in determining compensation for senior managers. The employer contended that Fishel's and Anderson's duties and responsibilities were not similar or identical. According to McGladrey, Anderson had eight years of experience in the field of human resources. Fishel had 12 years of experience in the fields of operations, information technology, and financial management. McGladrey submitted that Anderson's and Fishel's positions required dissimilar levels of skill, effort, and responsibility.

On June 5, 2000, the Department issued a notice that it was dismissing Anderson's charge for lack of substantial evidence. The notice of dismissal was accompanied by an investigation report. The report stated that it was uncontested that Fishel was paid more than Anderson.

The report said Anderson's *prima facie* allegations were that (1) she is female; (2) she performed her duties consistently with McGladrey policy; (3) she was compensated at $68,000 per year; and (4) McGladrey provided greater compensation to similarly situated male

employees. The report then listed several defenses for McGladrey, including the differences in experience, duties, responsibilities, and compensation among Anderson, Fishel, and several other senior managers.

According to the report, Anderson spoke with Jeff Johnson, a managing director at McGladrey, about her level of compensation. Anderson alleged that Johnson told her that she was "too sensitive to women's issues." Johnson stated that he mentioned Anderson's sensitivity to "women's issues." However, Johnson contended that his remark was not related to Anderson's compensation.

The report concluded that Anderson lacked substantial evidence that McGladrey's defenses were a pretext for discrimination. It stated that neither information supplied by Anderson nor the Department's investigation had revealed a similarly situated male employee at McGladrey who was treated differently from Anderson.

On July 10, 2000, Anderson requested that the dismissal of her charge be reviewed by the Department's chief legal counsel. The chief legal counsel vacated the dismissal and reinstated Anderson's charge "for further work" and "other proceedings by the Department" on February 26, 2001.

The Department issued a second notice of dismissal on July 5, 2001. The second dismissal was accompanied by an addendum to the original investigation report. The addendum stated that McGladrey billed its clients for Fishel's services at a higher rate than for Anderson's services. The difference between the two billing rates was greater than the difference between the compensation McGladrey paid Fishel and Anderson. Fishel had three consulting specialties (operations, information technology, and finance) and Anderson had one specialty (human resources).

The addendum again concluded that Anderson lacked substantial evidence that McGladrey's reasons for the pay differential between Anderson and Fishel were a pretext for discrimination. According to the addendum, this conclusion was supported by (1) McGladrey's documentation showing that billing rates compared to salaries did not indicate sex discrimination, and (2) the absence of a pattern showing that female employees were paid less than their male counterparts.

On July 5, 2001, Anderson requested review by the chief legal counsel of the second dismissal of her charge. The chief legal counsel issued her order on November 30, 2001, sustaining the Department's dismissal of Anderson's charge. In the order, the chief legal counsel stated that she had reviewed the Department's investigation file. The order said that because Fishel's functional area was operations and Anderson's area was human resources, Fishel was not similarly situ-

ated to Anderson. The order also listed the annual salaries of 10 senior managers at McGladrey which indicated no pattern that males were paid more than females. The order concluded that Anderson failed to establish, and the Department's investigation failed to show, that McGladrey subjected Anderson to unequal pay because of her sex. Anderson appealed.

## ANALYSIS

Anderson argues that the chief legal counsel abused her discretion by sustaining the dismissal of Anderson's discrimination charge.

■ Under the Illinois Human Rights Act (Act) (775 ILCS 5/1—101 *et seq.* (West 1998)), an employee may file a discrimination charge against the employer with the Department. 775 ILCS 5/7A—102(A)(1) (West 1998). If the charge is dismissed by the Department, the dismissal is reviewable by the Department's chief legal counsel. 775 ILCS 5/7A—102(D)(2)(a) (West 1998).

The chief legal counsel's order reviewing the dismissal is a final and appealable order. 775 ILCS 5/7—101.1(A) (West 1998). The plaintiff then may seek review of the chief legal counsel's order in the appellate court. 775 ILCS 5/8—111(A)(1) (West 1998). The standard of review is whether the Department's chief legal counsel abused her discretion. *Kalush v. Department of Human Rights*, 298 Ill. App. 3d 980, 700 N.E.2d 132 (1998).

■ In *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 545 N.E.2d 684 (1989), the Illinois Supreme Court adopted a three-part analysis for employment discrimination charges under the Act. First, the plaintiff must establish a *prima facie* case of discrimination by a preponderance of the evidence. If the plaintiff presents a *prima facie* case, a rebuttable presumption arises that the employer discriminated against the plaintiff. Second, in order to rebut the presumption of discrimination, the employer only need articulate, but not prove, a legitimate, nondiscriminatory reason for its decision. Third, if the employer articulates such a reason, the plaintiff then must prove by a preponderance of the evidence that the employer's reason was untrue and was a pretext for discrimination.

■ To establish a *prima facie* case of employment discrimination, the plaintiff must show that (1) she is a member of a protected group; (2) she performed her job satisfactorily; (3) the employer took adverse action against her despite the adequacy of her work; and (4) a similarly situated employee, who is not a member of the protected group, was not subjected to the same adverse action. *Kalush*, 298 Ill. App. 3d 980, 700 N.E.2d 132.

■ In the present case, the chief legal counsel agreed with the

Department's determination that Anderson established a *prima facie* case in her charge of discrimination. As a woman, she is a member of a protected group. She performed her job satisfactorily. Anderson alleged that McGladrey subjected her to disparate pay despite the adequacy of her work. She contended that Fishel was a similarly situated employee, was not a member of the protected group, but was compensated at a much higher rate.

Having established her *prima facie* case, the burden shifted to McGladrey to articulate, but not prove, a reason for the disparate pay. McGladrey carried its burden by stating that Anderson and Fishel had substantially dissimilar experience, duties, and responsibilities. The burden then shifted back to Anderson to prove that McGladrey's reasons were a pretext for discrimination.

Anderson contended that Johnson's remark about her sensitivity to "women's issues" showed that she was paid less than Fishel because she is a woman. Anderson, however, failed to prove that Johnson's comment about her sensitivity to "women's issues" was connected to her level of compensation. She did not otherwise prove that McGladrey's reasons for the disparity in pay were pretexts for discrimination.

Under the three-part test in *Zaderaka*, Anderson did not prove that McGladrey discriminated against her. Therefore, the Department's chief legal counsel did not abuse her discretion by sustaining the Department's dismissal of Anderson's charge of sex discrimination based on disparate pay.

## CONCLUSION

For the foregoing reasons, we affirm the order of the chief legal counsel of the Illinois Department of Human Rights dismissing Anderson's discrimination charge.

Affirmed.

HOLDRIDGE and McDADE, JJ., concur.